

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0963-10

### SCOTTIE LOUIS FORCEY, Appellant

**v.**

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### JOHNSON COUNTY

**KEASLER, J., delivered the opinion of the Court in which KELLER, P.J., PRICE, WOMACK, HERVEY, and COCHRAN, JJ., joined. MEYERS and JOHNSON, JJ., dissented.**

## O P I N I O N

A jury convicted Scottie Louis Forcey of capital murder, committed in 2008, when Forcey was a juvenile, and the judge sentenced Forcey to life imprisonment without the possibility of parole.[1] Among other points of error, Forcey raised the following three related complaints on appeal challenging the constitutionality of his sentence: (1) that his sentence

---

[1] *See* TEX. PENAL CODE ANN. § 12.31 (mandating automatic life sentence, without the possibility of parole, in capital cases where the State does not seek the death penalty).

violates the federal and state constitutional prohibitions against cruel and unusual punishment; (2) that the trial judge erred in ruling that Texas Penal Code Section 12.31, as applied to juvenile defendants, before the September 1, 2009, amendment, is not unconstitutional because a life sentence, without the possibility of parole, for capital murder is cruel and unusual and disproportionate; and (3) that his sentence is disproportionate punishment for capital murder.[2] The Waco Court of Appeals rejected Forcey's claims.[3] We granted Forcey's petition for discretionary review to review the court of appeals's resolution of these issues.

Recently, in *Meadoux v. State*, we held that the Eighth Amendment's prohibition against cruel and unusual punishment does not bar a juvenile from being sentenced to life imprisonment without the possibility of parole.[4] Forcey has never argued that the Texas Constitution's prohibition against cruel and unusual punishment provides any greater protection than the Eighth Amendment.[5] Accordingly, in light of our decision in *Meadoux*,

---

[2] *Forcey v. State*, No. 10-09-00335-CR, 2010 Tex. App. LEXIS 3820, at *1 (Tex. App.—Waco May 19, 2010) (not designated for publication).

[3] *Id.* at *8-9.

[4] No. PD–0123-10, 2010 Tex. Crim. App. LEXIS 1568, at *15 (Tex. Crim. App. Nov. 17, 2010).

[5] *Cf. Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("We hold that, by failing to distinguish the rights and protections afforded under the Texas due course of law provision from those provided under the Fourteenth Amendment before the trial judge in this context, Pena failed to preserve his complaint that the due course of law provides greater protection for appellate review.").

we affirm the court of appeals's resolution of Forcey's first two points of error. We also agree with the court of appeals's resolution of Forcey's third point of error. Forcey presented no evidence to support his claim that his sentence is disproportionate for the capital crime he committed. The judgment of the court of appeals is affirmed.

DATE DELIVERED: January 12, 2011
DO NOT PUBLISH